IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YESENIA LUGO BONILLA,

Plaintiff

v.

CENTRO MÉDICO DEL TURABO, INC., doing business as HOSPITAL HIMMA SAN PABLO DE FAJARDO INC.; DR. LUIS PÉREZ-CRUZ; SIMED as insurer of Dr. Luis Pérez-Cruz; CAPTIVE INSURANCE COMPANY, INC. as insurer of Hospital Himma San Pablo de Fajardo, Inc.; Unknown Defendants A-Z,

Defendants

CIVIL 09-1231 (JA)

## OPINION AND ORDER

This matter is before the court on motion for leave to file [fourth] amended complaint filed by plaintiff, Yesenia Lugo-Bonilla, on August 27, 2010. (Docket No. 73.) The defendant, Sindicato de Aseguradores Para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico Hospitalaria ("SIMED") opposed the motion for leave to file an amended complaint on September 7, 2010. (Docket No. 76.) Plaintiff filed a reply to the opposition on September 9, 2010. (Docket No. 77-1.) For the reasons set forth below, plaintiff's motion is hereby GRANTED.

CIVIL 09-1231 (JA)                                    2

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The original complaint was filed on March 10, 2009.  (Docket No. 1.) Amended complaints were then filed on July 2 and November 30, 2009, and July 26, 2010.  (Docket Nos. 5, 22 & 61.)  Plaintiff is the sister of deceased patient, Wilmary Lugo-Bonilla, who died during an elongated process of childbirth on October 16, 2007. (Docket No. 61, at 2, ¶ 1.)  Plaintiff alleges that her sister died as the result of the combined malpractice of the hospital and Dr. Luis Pérez-Cruz ("Dr. Pérez-Cruz").  (Id. at 6, ¶¶ 6-7.)  The proposed amendment is supported by a brief amended report from plaintiff's expert which refers to Dr. Pérez-Cruz' deposition in which he states that he was having an alcohol drinking problem during the period of time in which he treated plaintiff's sister.  (Docket No. 73, at 1, ¶ 1.)  The doctor enrolled in treatment under Alcoholics Anonymous four or five months after the death.  (Id. 1-2.)  Plaintiff noted that the hospital, where Dr. Pérez-Cruz was authorized to practice medicine, never inquired about his habit of consuming alcohol.  (Id. at 2, ¶ 2.)

Plaintiff argues in the motion to amend the complaint that the hospital was negligent in failing to have a system in place to periodically monitor the consumption of alcohol by physicians that it authorized to practice medicine in its facilities.  (Id. at ¶ 3.)  Plaintiff also argues that the doctor was negligent based on the same facts of alcohol consumption, thus leading to the death of her sister

CIVIL 09-1231 (JA)                            3

and her sister's baby boy. (Id.) SIMED opposed the motion noting that plaintiff's expert received all his information from Dr. Pérez-Cruz' deposition and he was in possession of the transcript of the deposition before rendering his report. (Docket No. 76, at 1-2, ¶ 2.)  The deposition reading arguably reveals that the doctor drank after hours and that he sought treatment because of pressure from his wife, and not because of the incident subject of the complaint. (Id. at ¶ 4.) Since nobody else will testify that Dr. Pérez-Cruz was drunk on duty, SIMED notes that such evidence as proffered would unduly prejudice the jury against Dr. Pérez-Cruz. (Id. at ¶¶ 7-8.)

Plaintiff argues in reply that SIMED's protest as to evidence of Dr. Pérez-Cruz' alcohol problem and the hospital ignoring the same is a premature objection to the presentation at trial of evidence to establish the facts that give rise to the amended complaint. (Docket No. 77-1, at 3, ¶ 4.)

## II.  ANALYSIS

"Under Federal Rule of Civil Procedure 15(a), a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and subsequently by  the parties' consent or 'by leave of court.'" Acosta-Mestre v. Hilton Int'l of P.R.,  Inc., 156 F.3d 49, 51 (1st Cir. 1998) (quoting Fed. R. Civ. P. 15(a)).  Although "leave to amend 'shall be freely given when justice so requires[,]'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P.

CIVIL 09-1231 (JA)                                        4

15(a)), this liberal amendment policy "does not mean that leave will be granted in all cases." Invest Almaz v. Temple-Inland Forest Prod. Corp., 243 F.3d 57, 71 (1st Cir. 2001) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d at 51). "Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d at 51 (quoting Foman v. Davis, 371 U.S. at 182).  However, again, the amendment policy is liberal.  See Epstein v. C.R. Bard, Inc., 460 F.3d 183, 190-91 (1st Cir. 2006) (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004)); Feliciano Cáceres v. Landfill Tech. Corp., 239 F.R.D. 46, 50 (D.P.R. 2006); cf. Chiang v. Skeirik, 582 F.3d 238, 243-44 (1st Cir. 2009.)

That Dr. Pérez-Cruz may have had an issue with alcoholism during the treatment of the decedent, and that the hospital did not screen physicians with hospital privileges may or may not be the subject of expert testimony.  It is premature to make sure a determination at this time.  See, e.g., Corrigan v. Methodist Hosp., 874 F. Supp. 657, 659 (E.D. Pa. 1995.)  While there is sufficient information available to rule on the motion to amend, the information as to admissibility is undeveloped.  Furthermore, the defendant has failed to show how an amendment to the complaint announcing an additional theory of liability is unduly prejudicial to it.  Indeed, the hospital and doctor are placed on notice of

CIVIL 09-1231 (JA)                              5

such an intention setting the way for attacking the plaintiff expert's conclusion and the scientific basis for the same.  <u>See, e.g.</u>, J. Arenas & C. Romey, <u>Professional Judgement Standard and Losing Games for Psychology,  Experts and the Courts</u>, 68 Rev. Jur. U.P.R. 159, 179-82 (1999).

### III.  CONCLUSION

In view of the above, plaintiff's motion to amend the complaint is hereby GRANTED.

At San Juan, Puerto Rico, this 14th day of September, 2010.

                                                S/ JUSTO ARENAS
                                     Chief United States Magistrate Judge